NOT DESIGNATED FOR PUBLICATION

No. 126,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WESLEY TANKSLEY,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lane District Court; BRUCE T. GATTERMAN, judge. Submitted without oral argument. Opinion filed October 4, 2024. Affirmed.

*Wesley Tanksley*, appellant pro se.

*Ashley R. Iverson*, staff attorney, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Wesley Tanksley appeals the district court's decision affirming the Kansas Department of Revenue's action suspending his driver's license. On appeal, we review the district court's findings for substantial competent evidence. *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019). Because Tanksley failed to include a transcript of the district court hearing in the record on appeal, we are unable to determine what evidence was presented, let alone whether it was substantial. Accordingly, we must affirm.

1

FACTUAL AND PROCEDURAL HISTORY

Tanksley appealed the administrative suspension of his driver's license in April 2021 for "[r]efusal to take a chemical analysis test."

After a hearing the administrative hearing officer affirmed the suspension.

Tanksley appealed to the district court, which upheld the administrative hearing officer's decision after a bench trial. The district court also denied Tanksley's motion to reconsider.

Tanksley timely appeals.

ANALYSIS

Tanksley argues that (1) no reasonable grounds existed to have him tested under the Kansas implied consent statute, (2) the arresting officer's failure to follow protocol prevented a finding that he refused the breath test, and (3) his due process rights were violated by not allowing him to call a particular witness.

Appeals of administrative suspensions of driver's licenses remain subject to review under the Kansas Judicial Review Act. K.S.A. 8-259(a); K.S.A. 8-1020(o), (p). The party asserting error bears the burden of proving the agency's action was invalid. K.S.A. 77-621(a)(1); K.S.A. 8-1020(q).

Appellate courts, in a driver's license suspension case, review the district court's factual findings for substantial competent evidence. *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 469, 447 P.3d 959 (2019); *Casper*, 309 Kan. at 1213. Substantial competent evidence includes evidence that has relevance and substance while also

providing a substantial basis to resolve issues of fact. *Creecy*, 310 Kan. at 469. Appellate courts also do not reweigh evidence but determine if the record supports the district court's decision. *Jarvis v. Kansas Dept. of Revenue*, 312 Kan. 156, 171-72, 473 P.3d 869 (2020).

Here, Tanksley failed to request that the transcript of the district court bench trial be included in the record on appeal. In fact, he filed a notice with this court that "he is not requesting transcripts for [this matter]."

The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). There is no way for us to decide whether substantial competent evidence supports the trial court's factual findings when we do not know what evidence was presented at trial.

Accordingly, we have no choice but to affirm the district court's decision.

Affirmed.